# IN THE COURT OF APPEALS OF IOWA

No. 24-1112
Filed June 18, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GREGORY ANTWONE JACKSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Worth County, Elizabeth Batey, Judge.

Gregory Jackson appeals following his jury trial convictions for operating while intoxicated and possession of a controlled substance. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SANDY, Judge.**

Defendant-Appellant Gregory Jackson appeals following his jury trial convictions for operating while intoxicated, first offense, a serious misdemeanor in violation of Iowa Code section 321J.2(2)(a) (2023), and possession of a controlled substance, first offense, a serious misdemeanor in violation of Iowa Code section 124.401(5). Jackson filed a motion for a new trial alleging both insufficient evidence and a verdict contrary to the weight-of-the-evidence. The district court denied the motion relative to the sufficiency-of-the-evidence challenge. On appeal Jackson claims that the district court failed to apply the proper weight-of-the-evidence standard when ruling upon his motion for new trial. Because Jackson never received a ruling on the weight-of-the-evidence challenge and failed to preserve error, we affirm.

## I.     Background Facts and Proceedings.

In April of 2024 Jackson proceeded to trial by jury on two counts: operating while intoxicated, first offense, a serious misdemeanor in violation of Iowa Code section 321J.2(2)(a), and possession of a controlled substance, first offense, a serious misdemeanor in violation of Iowa Code section 124.401(5).

The jury convicted Jackson on both counts. Following trial Jackson filed a motion for a new trial alleging both insufficient evidence and a verdict contrary to the weight of the evidence. The district court held a hearing on the motion. At the hearing, the district court clearly addressed and denied Jackson's insufficiency-of-the evidence motion. What is less clear is whether the court employed the correct standard in addressing Jackson's verdict-contrary-to-the-weight-of-the-evidence

motion. Sentencing did not occur for almost two months following the hearing for new trial.

## II. Motion for New Trial—Weight of the Evidence.

### A. Standard of Review.

In contrast to a motion for judgment of acquittal brought under the sufficiency-of-the-evidence standard, a motion for new trial brought under the weight-of-the-evidence standard essentially concedes the evidence adequately supports the jury verdict. *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). Consequently, a district court may invoke its power to grant a new trial on the ground that the verdict was contrary to the weight of the evidence only in the extraordinary case in which the evidence preponderates heavily against the verdict rendered. *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008).

We generally review rulings on motions for new trial asserting a verdict is contrary to the weight-of-the-evidence for abuse of discretion. *State v. Shanahan,* 712 N.W.2d 121, 135 (Iowa 2006). However, we review a claim that the district court failed to apply the proper standard in ruling on a motion for new trial for errors at law. *State v. Wells,* 738 N.W.2d 214, 218 (Iowa 2007) (citing former Iowa Rule of Appellate Procedure 6.4, now rule 6.907).

### B. Did the Court Use the Wrong Standard?

Before getting to the question of whether the district court used the wrong standard, a more fundamental question must be asked—did the district court even address the weight-of-the-evidence argument at all? Such an inquiry is not academic. The answer affects the error preservation analysis.

In its written order denying the motion for new trial, the court made one mention of Jackson's weight-of-the-evidence argument in its second opening paragraph, grafting language from Jackson's sufficiency-of-the-evidence argument.[1]  A review of the hearing transcript reveals the court stated, "I don't think that there is any reason to think the jury verdict was not supported by *sufficient weight of the evidence*."  (Emphasis added.)  Other than that, no mention was made to the weight-of-the-evidence argument by the court at the hearing or in its written order.

When reviewing a motion for new trial claiming the verdict is contrary to the weight-of-the-evidence, the district court considers "whether more 'credible evidence' supports the verdict rendered than supports the alternative verdict." *Ary*, 877 N.W.2d at 706 (citation omitted).  "The question for the court is not whether there was sufficient credible evidence to support the verdict rendered or an alternative verdict, but whether 'a greater amount of credible evidence' suggests the verdict rendered was a miscarriage of justice." *Id*. (quoting *State v. Ellis*, 578 N.W.2d 655, 658–59 (Iowa 1998)).  Here the district court did not do that.

The court's written order used terms like "substantial evidence" and "in the light most favorable to the state".  However, neither the written order nor the court's comments at the hearing use weight-of-the-evidence standard language such as "consideration of witness credibility", "miscarriage of justice", or "preponderates

---

[1] Paragraph five of Jackson's written motion asserted a weight-of-the-evidence challenge, whereas paragraph four asserted a sufficiency-of-the-evidence challenge.  In addressing the weight-of-the-evidence challenge (paragraph five), the district court grafted language from the sufficiency-of-the-evidence challenge (paragraph four).

heavily against the verdict". No indication of an "independent analysis" was conducted. It is not so much that the district court used the wrong standard as much as the district court used no standard. And while true Jackson made both sufficiency-of-the-evidence and weight-of-the-evidence arguments, it is incumbent on the court to clearly delineate the two in its ruling. Because the court never addressed the weight-of-the-evidence argument as requested, the question arises—must Jackson bring such omission to the court's attention to preserve error?

### C. Was Error Preserved?

The State contests error preservation. The State contends that, even though Jackson's motion made a weight-of-the evidence claim, Jackson needed to call the oversight to the district court's attention in order to preserve error.

Within the last few years our court, sitting en banc, has dealt with this similar issue. *See State v. Rethwisch*, No. 22-0530, 2023 WL 5607147, at *4–6 (Iowa Ct. App. Aug. 30, 2023). The lead opinion held that criminal defendants must alert the court in the moment if it applies the sufficiency standard rather than the weight-of-the-evidence standard. *Id*. at *5. Our evenly divided court acknowledged that our prior cases gave mixed messages on how to preserve error when the district court uses the wrong standard. *Id*. But the lead opinion sought to clarify the issue and hold "that, going forward, a defendant will be required to bring the application of the incorrect standard to the court's attention in order to preserve error." *Id*. at *6.

Although this case is similar to *Rethwisch*, it is not identical. In *Rethwisch* the defendant received a ruling on his weight-of-the-evidence challenge—there was no omission. Here, the record leads us to the conclusion that, unlike in

*Rethwisch*, the court never analyzed Jackson's specific weight-of-the-evidence claim. At no time did Jackson bring to the court's attention that it had not addressed the merits of his weight-of-the evidence argument. Sentencing occurred some three months following the hearing and order of the court. Jackson had plenty of time to bring such an omission to the court's attention.

It is a fundamental part of our error-preservation doctrine that, to preserve error on an issue, a party must raise the issue and obtain a ruling on it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). The reason for requiring a party to not only raise an issue, but to also obtain a ruling on it, is that "it is not a sensible exercise of appellate review to analyze facts of an issue 'without the benefit of a full record or lower court determination.'" *Id.* (cleaned up). Because Jackson never received a ruling on his weight-of-the-evidence challenge, he has not preserved error.

### III. Conclusion.

Because Jackson never received a ruling on the weight-of-the-evidence challenge and failed to bring such to the court's attention, we affirm.

**AFFIRMED.**